**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

YUNIER GONGORA-QUIROGA,

      Petitioner,

v.                                                                   No. 2:26-cv-01833-DHU-KK

FNU LNU, Officer in Charge, Otero County
Processing Center; FNU LNU, Field Office
Director, ERO ICE Chaparral Field Office;
TODD LYONS, Acting Director, ICE;
MARWAYNE MULLIN, Secretary, DHS; and
TODD BLANCHE, Acting Attorney General,
United States of America,

      Respondents.

## <u>ORDER DENYING PETITIONER'S EMERGENCY REQUEST FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION</u>

THIS MATTER is before the Court on Petitioner's *pro se* Emergency Request for a Temporary Restraining Order and Preliminary Injunction ("Emergency Motion"), which was filed with his Amended Petition Writ for Habeas Corpus ("Habeas Petition"). Doc. 3. Having reviewed Petitioner's Emergency Motion and the relevant law, the Court **DENIES** the Emergency Motion.

To obtain a temporary restraining order or preliminary injunction, a petitioner "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief," and that the balance of equities and public interest weigh in his favor. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Moreover, to obtain a temporary restraining order or a preliminary injunction in the Tenth Circuit, a petitioner must satisfy their burden as to each of the factors; the factors "do not establish a balancing test—each must be satisfied independently, and the strength of one cannot compensate for the weakness of another." *Peterson v. Kunkel*, 492 F. Supp. 3d 1183, 1192 (D.N.M. 2020) (citing *Dine Citizens*

*Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281, 1282 (10th Cir. 2016)). The likelihood-of-success and irreparable-harm factors are "the most critical" in the analysis. *People's Trust Fed. Credit Union v. Nat'l Credit Union Admin. Bd.*, 350 F. Supp. 3d 1129, 1139 (D.N.M. 2018) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

Here, the Court finds that it cannot even turn to the first factor—substantial likelihood of success on the merits—due to insufficient information in the Habeas Petition. The Court specifically finds that a response from Respondents is necessary to resolve factual ambiguities in this case, including ambiguities regarding Petitioner's entry and parole status, which bear on his entitlement to relief.

Given that the Court cannot properly assess the first critical showing to obtain either a temporary restraining order or a preliminary injunction, the Court **DENIES** Petitioner's Emergency Motion. The Court will, however, enter an Order to Show Cause forthwith.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

2